## Abstract of the Decision.

1. JUDGMENT, § 527*—*when res judicata as to rights of all parties in attachment suit.* A judgment in an attachment suit which adjudicates the rights of all parties properly before the court either by intervening petition or by valid service of process is binding upon all such parties and is *res judicata* of their rights in the subject-matter of the suit.

2. ESTOPPEL, § 16*—*when intervener in attachment suit may not claim that judgment was invalid.* An intervener in an attachment suit who recovered a judgment therein in his favor and accepted the sum found due cannot claim in another action that such judgment was invalid.

3. ATTACHMENT, § 250*—*when judgment is not erroneous in form.* Where the entry of a judgment in an attachment suit referring to the adjudication of the issue arising under an intervening petition was abbreviated but in such form that it was not at all difficult to determine its definite meaning, *held* that it was sufficient.

## A. M. Chesbrough, Defendant in Error, v. Jacob Lanski, Plaintiff in Error.

### Gen. No. 22,509.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917. Rehearing denied March 5, 1917.

## Statement of the Case.

Action by A. M. Chesbrough, plaintiff, against Jacob Lanski, defendant, to recover the price of a quantity of scrap iron delivered to the defendant under a contract of purchase. From a judgment for plaintiff for one hundred and ninety dollars, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SAMUELS & SAMUELS, for plaintiff in error.

SCOTT, BANCROFT, MARTIN & STEPHENS, for defendant in error.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 138*—*when buyer cannot complain of refusal of seller to make delivery.* Where the defendant offered to purchase scrap iron of the plaintiff at a certain price per ton, and to take all the plaintiff had at that price, and plaintiff delivered one carload of the iron but refused to deliver more until that was paid for, which the defendant refused to do unless the plaintiff would deliver all the remainder he had, and complained of the quality of the iron delivered, *held,* in an action to recover at the agreed price for the iron delivered, that the defendant was not warranted in refusing to pay for same and at the same time requesting further deliveries, or on the ground plaintiff had not delivered the remainder of the iron because the contract did not call for any specific quantity.

2. SALES, § 324*—*when presumed that payment became due as of date of delivery of material.* Where a contract for the purchase and delivery of a quantity of material contains no provision as to the time of payment, it will be presumed, in an action to recover the purchase price, that the payment became due as of the date of the delivery of the material.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.